## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **WILLIE EARL PATTERSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:**_____ |
| | ) | Removed from the Circuit Court of Dallas |
| | ) | County, Alabama |
| | ) | Civil Action No.: 27-CV-2022-900079.00 |
| **TM EXPRESS, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## NOTICE OF REMOVAL

COME NOW Defendants, **TM Express, Inc.** and **Jermaine Crenshaw** (hereinafter "Defendants"), by and through the undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, file this Notice of Removal of the foregoing cause from the Circuit Court of Dallas County, Alabama, to the United States District Court for the Southern District of Alabama, Northern Division. As grounds for removal, Defendants show unto the Court the following:

1.      Plaintiff Willie Earl Patterson initiated this civil action on or about May 24, 2022 in the Circuit Court of Dallas County, Alabama, Civil Action No. 27-CV-2022-900079. Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, as well as copies of all process and other papers on file in the record of the state court action,

{DOC# 00810282}

which are within the possession, custody and control of Defendants are attached herewith as Exhibit 1.

2.      Defendants file this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446 and assert federal diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. This action could have originally been brought in this Court pursuant to 28 U.S.C. § 1332. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1), as complete diversity of citizenship exists between Plaintiff and all Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3.      Under 28 U.S.C. § 1441(a), venue is proper because the United States District Court for the Southern District of Alabama, Northern Division, encompasses the geographic area of the Circuit Court of Dallas County.

4.      Pursuant to 28 U.S.C. § 1332(a)(1), complete diversity exists between the parties properly joined in this action.  Defendant asserts, upon information and belief, that Plaintiff is a resident and domiciled citizen of the State of Alabama.[1] (Ex. 1, Doc. 2 at ¶ 1) (stating Plaintiff is a resident of Dallas County, Alabama). *See also*

---

[1] In addition to the allegation of residency in the Complaint, the accident report (which is a public record) reflects that Patterson had an Alabama residence, an Alabama driver's license, and an Alabama license tag. These facts support a finding that he is an Alabama citizen. *See Mendoza v. Thibaudeau*, No. 2:16-cv-466-FtM-38CM, 2016 U.S. Dist. LEXIS 143727, at *5-6 (M.D. Fla. Oct. 18, 2016).

*Slate v. Shell Oil Co.*, 444 F. Supp. 2d 1210, 1215 n. 9 (S.D. Ala. 2006) (finding a party's place of residence to be *prima facie* evidence of domicile).

5.     Defendant Jermaine Crenshaw is a resident and citizen of Texas. (Ex. 1, Doc. 2 at ¶ 5). *See also Slate*, 444 F. Supp. 2d at 1215 n.9.

6.     Defendant TM Express, Inc., is a Texas corporation with its principal place of business in Garland, Texas. (*Id.* at ¶ 2; *See also* Ex. 2).

7.     The citizenship of fictitious Defendants named in Plaintiff's Complaint "shall be disregarded" in determining whether this civil action is removable based on diversity jurisdiction. 28 U.S.C. § 1441(b)(1). Accordingly, complete diversity exists because Plaintiff is an Alabama citizen, Defendant Crenshaw is a Texas citizen and Defendant TM Express, Inc. is a Texas citizen.

8.     Pursuant to 28 U.S.C. § 1332(a)(1), the matter in controversy must exceed the sum or value of $75,000, exclusive of interest and costs. The longstanding federal rule for determining the amount in controversy is to examine the plaintiff's complaint. *See, e.g., Lindsay v. American General Life & Accident Ins. Co.*, 133 F. Supp. 2d 1271, 1275 (N.D. Ala. 2001) (citations omitted). Here, however, Plaintiff does not specify in the Complaint the total amount of damages he seeks. Accordingly, this Notice of Removal may assert the amount in controversy. *See* 28 U.S.C. § 1446(c)(2)(A)(ii). The Eleventh Circuit precedent provides that, when a plaintiff makes an unspecified damages demand in state court, "a removing

defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement.'" *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (quoting *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996)). In some cases, this burden will require the removing defendant to provide additional evidence, but in other cases "it may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when 'the complaint does not claim a specific amount of damages.'" *Roe*, 613 F.3d at 1061 (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (citations omitted)).

9.     If a defendant alleges that removability is facially apparent from the complaint, "the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden." *Roe*, 613 F.3d at 1061. The district court is not bound by the plaintiff's representations, nor does it have to assume the plaintiff is best able to evaluate the amount of damages sought. *Id.* (*citing Pretka*, 608 F.3d at 771). The Eleventh Circuit further stated in *Roe* that:

> **Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable.** Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint establishes the jurisdictional amount." Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.

*Id.* at 1061-62 (citations omitted) (emphasis added). The rationale for this rule is in part to prevent plaintiffs from defeating a court's statutory right to hear a case through artful pleading that does not specify the value of the claimed damages. *Id.* at 1064.

10.    Recently, the Eleventh Circuit determined that a plaintiff's allegations of unspecified personal injuries and disabilities, pain and suffering, mental anguish, emotional anguish, and unspecified medical expenses were sufficient to plead damages that exceeded $75,000 for purposes of diversity jurisdiction. *McIntosh v. Royal Caribbean Cruises, Ltd.*, 5 F.3d 1309, 1312-13 (11th Cir. 2021). There, the named plaintiff sought to file a class action based upon federal diversity jurisdiction premised upon physical and emotional injuries suffered when passengers travelled to an area impacted by a hurricane because a cruise line refused to allow cancellation of the cruise within 14 days of the voyage. *Id.* at 1311. After addressing a procedural issue, the Eleventh Circuit explained that the bare-bones damages allegations were sufficient to plead the amount in controversy for diversity jurisdiction.

> The plaintiffs alleged that, as a result of Royal Caribbean's delay in canceling the cruise and offering refunds, they had to travel to Galveston and nearby areas in Texas that were in a state of emergency due to Hurricane Harvey. They had to spend days in those locations trapped by a "devastating storm," often without power, and with limited food and water. And, as a result, they were "injured about their body and extremities," sustaining physical pain and suffering; mental and emotional anguish; temporary, permanent, and/or physical disability;

impairment; and disfigurement. They also incurred medical expenses for the care and treatment of their injuries.

These alleged injuries and expenses—accepted as true—are sufficient to plead damages that exceed the $75,000 amount-in-controversy requirement. *See, e.g.*, *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 809 (7th Cir. 2017) (claimed injuries and damages caused by the explosion of a shower glass door in a hotel room exceeded the $75,000 amount-in-controversy requirement, even though the plaintiff recovered only $12,000, because at the time of filing, she brought claims in good faith for compensatory and punitive damages exceeding $150,000). And if there were any doubt, it is erased by the plaintiffs' individual requests for punitive damages. *See, e.g.*, *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) ("When determining the jurisdictional amount in diversity cases, punitive damages must be considered.").

*Id.* at 1212-13.

11.     Another case decided in the Northern District of Alabama explained the impact of amended 28 U.S.C. § 1446, stating "[w]hen Congress enacted this most recent amendment to § 1446, it did not intend to require the court to which the case is removed to do more than to exercise reasonable judgment, based on the allegations in the complaint, and other undisputed facts." *Smith v. State Farm Fire & Cas. Co.*, 868 F. Supp. 2d 1333, 1334 (N.D. Ala. 2012). In *Smith*, the Court went on to state that where the complaint does not contain an *ad damnum* clause, "the court is allowed reasonable deductions and extrapolations." *Id.* at 1335. The *Smith* Court further stated "[t]his court is informed and verily believes" Congress amended § 1446 "to slow down, if not to prevent," the remand of diversity cases "where there is no *ab* (sic) *damnum* clause, but where the parties and the court know from their

exercise of good sense and experience that the claim exceeds $75,000." 868 F. Supp.

2d at 1335. Perhaps more importantly, the *Smith* court stated the following:

> The court is willing to go so far as to inform plaintiffs like Smith, who
> want to pursue claims against diverse parties in a state court seeking
> unspecified damages of various kinds, such as punitive damages and
> emotional distress, **must in their complaint formally and expressly
> disclaim any entitlement to more than $74,999.99, and categorically
> state that plaintiff will never accept more.** Otherwise, a plaintiff will
> find herself in a federal court, which is now saddled by Congress with
> a new and heavy burden.

*Id.* (emphasis added).

12.    *Bush v. Winn Dixie Montgomery, LLC*, 132 F. Supp. 3d 1317 (N.D. Ala.

Aug. 31, 2015), also helps explain why the requisite amount in controversy is met

in this matter. In *Bush*, the Court observed that prior to *Roe*, a complaint filed without

an *ad damnum* clause would have invited a defendant to use discovery admissions

to establish the amount in controversy. *Id.* at 1318. The *Bush* Court stated the

Eleventh Circuit in *Roe*:

> finally acknowledged the self-evident, namely, that a plaintiff like
> Bush, who claims to have sustained a very substantial personal injury
> at the hands of a defendant and who charges that defendant with
> wantonness and who seeks to recover for pain, suffering, and mental
> anguish, and seeks punitive damages, is realistically hoping to recover
> more than $75,000.

*Id.*

13.    As a final example, Defendant points this Court to *Seckel v. Travelers*

*Home & Marine Ins. Co.*, No. 4:12-cv-4163-KOB, 2013 U.S. Dist. LEXIS 11582

(N.D. Ala. Jan. 29, 2013). In *Seckel*, the Court found that, although the plaintiff only claimed $26,430 in damages in his state court complaint, the unspecified damages the plaintiff sought for alleged emotional distress and unjust enrichment allowed the defendant to meet the amount in controversy requirement. *Seckel*, 2013 U.S. Dist. LEXIS 11582, at *5. The Court concluded that, "[w]ithout an affidavit from [the plaintiff] stating that he will not claim any more than $74,999.99 from Travelers in damages, this court has jurisdiction over the case and DENIES [the plaintiff's] motion to remand." *Id.*

14.     Here, Plaintiff does not make a specific demand for damages in his Complaint.  Plaintiff further fails to disclaim the right to, or acceptance of, damages exceeding $75,000.00. **Nevertheless, it is facially apparent from the Complaint that the amount in controversy more likely than not exceeds $75,000.**

15.     This action arises out of an alleged motor vehicle accident on June 2, 2020 in Dallas County, Alabama. (Ex. 1, Doc. 2 at ¶ 4). Plaintiff alleges Defendant Crenshaw failed to stop his commercial motor vehicle at an intersection. (*Id.* at ¶ 11). Furthermore, he alleges that Defendant Crenshaw caused his vehicle to collide with the vehicle occupied by the Plaintiff. (*Id.*).

16.     Plaintiff sets forth several claims of negligence and wantonness against Crenshaw. (*Id.* at ¶¶ 15-18). He contends Crenshaw acted within the line and scope of his employment with TM Express, Inc., and, thus, TM Express, Inc. is vicariously

liable for Crenshaw's conduct. (*Id.* at ¶¶ 20-23). Moreover, Plaintiff contends TM Express, Inc. negligently hired, retained, trained, and supervised Crenshaw and negligently entrusted him with a tractor-trailer. (*Id.* at ¶¶ 25-28).

17.   Plaintiff claims the collision caused him to suffer "injuries to their persons that were and are attended by physical pain and suffering[.]" (*Id.* at ¶ 18). He also seeks damages for past and future medical expenses, "permanent injuries and disfigurement", "mental anguish and emotional distress", lost wages, lost future earnings, and lost earning capacity. (*Id.*). Plaintiff demands judgment against the Defendants for "compensatory damages in an amount that will adequately compensate the Plaintiff for the injuries and damages sustained." (*Id.* at p. 6). Plaintiff also demands punitive damages "in an amount which will adequately reflect the enormity and wrongfulness of the Defendants' conduct and deter similar future conduct." (*Id.*). Plaintiff does not make a more specific demand for damages in his Complaint, nor does he disclaim the right to, or acceptance of, damages exceeding $74,999.99.

18.   As in *McIntosh* and *Bush*, Plaintiff claims he sustained substantial personal injuries as a result of the alleged negligent and wanton behavior. *See McIntosh*, 5 F.4th at 1313; *Bush*, 132 F. Supp. 3d at 1318. Moreover, like the plaintiffs in *McIntosh* and *Bush*, Plaintiff seeks to recover compensatory damages for physical pain and suffering and mental anguish. *See McIntosh*, 5 F.4th at 1313

(discussing allegations of physician pain and suffering, mental anguish, and emotional anguish); *Bush*, 132 F. Supp. 3d at 1318 (noting the plaintiff's demand for damages to compensate for pain, suffering, and mental anguish). Finally, like the plaintiffs in *McIntosh* and *Bush*, Plaintiff's demand for punitive damages for alleged acts of wantonness erase any doubt that he seeks damages in excess of $75,000. *McIntosh*, 5 F.4th at 1313 ("And if there were any doubt, it is erased by the plaintiffs' individual requests for punitive damages."). Therefore, Plaintiff "is realistically hoping to recover more than $75,000," and the amount-in-controversy requirement is satisfied in this case. *Bush*, 132 F. Supp. 3d at 1318. *See also Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2015) (holding that a notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

19.     Defendant does not admit or contend it is liable to Plaintiff, and it does not admit or contend Plaintiff's damages necessarily exceed $75,000, exclusive of interest and costs. Instead, Defendant reasonably believes that, based upon the legal theories asserted in the Complaint and the applicable Alabama law governing damages under those theories, Plaintiff will seek and ask a jury to return a verdict in an amount, sum, or value in excess of $75,000, exclusive of interest and costs. *See S. Fla. Wellness v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (explaining that the amount-in-controversy determination "is less a prediction of

'how much the plaintiffs are ultimately likely to recover,' than it is an estimate of how much will be put at issue during the litigation") (quoting *Pretka*, 608 F.3d at 751).

20.    If Plaintiff disputes that the amount in controversy exceeds the jurisdictional requisite, Defendant requests leave to conduct discovery to determine the extent of Plaintiff's claim to damages. Alternatively, Defendant requests that this Court require Plaintiff to "formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state Plaintiff will never accept more." *See Smith*, 868 F. Supp. 2d at 1335.

21.    This Notice of Removal is filed in the United States District Court for the Southern District of Alabama, Northern Division, within the time allowed by law for the removal of actions to the United States District Courts. According to Alabama's online judicial database, no Defendant in the subject action has been served with the Complaint or Summons. This Notice of Removal is timely because it is filed before Defendant's 30-day window for post-service removal of the action established in 28 U.S.C. § 1446(b)(1). "[N]othing in the removal statute, or any other legal provision, requires that a defendant be served with the complaint before filing a notice of removal." *Whitehurst v. Wal-Mart*, 306 F. App'x 446, 448 (11th Cir. 2008) (unpublished) (citing *Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000), and *City of Ann Arbor Employees' Retirement System v. Gecht*, 2007 U.S.

Dist. LEXIS, 2007 WL 760568, at *9 (N.D. Cal. Mar. 9, 2007)); *Novak v. Bank of N.Y. Mellon Trust Co., N.A.*, 783 F.3d 910, 914 (1st Cir. 2015) (collecting cases permitting pre-service removal). Accordingly, the prerequisites for removal pursuant to 28 U.S.C. § 1441 have been met.

22.    Because Defendants are the only named defendants, no consent is required for removal. *See* 28 U.S.C. § 1446(b)(2)(A).

23.    Without waiver of any defenses or objections, including, but not limited to, improper process, improper service of process, improper venue, and lack of personal jurisdiction, Defendant submits this Notice of Removal.

24.    Pursuant to 28 U.S.C. § 1446(d), Defendant shows a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Dallas County, Alabama. Further, Defendant represents to this Court that a copy of this Notice of Removal is also being served upon counsel for Plaintiff.

Respectfully submitted,

s/ Lea Richmond, IV
Lea Richmond, IV (ASB-8479-l74r)
Attorney for Defendants Crenshaw
and TM Express, Inc.

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:  (205) 822-2006
Facsimile:   (205) 822-2057
E-mail:         lrichmond@carrallison.com

{DOC# 00810282}                                12

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing is served upon all counsel of record in this cause, by electronic filing via the Court's CM/ECF system and or by United States mail, as appropriate, on this 1st day of July 2022.


*/s/ Lea Richmond, IV*
**OF COUNSEL**