EXHIBIT 1

ELECTRONICALLY FILED
5/24/2022 2:45 PM
27-CV-2022-900079.00
CIRCUIT COURT OF
DALLAS COUNTY, ALABAMA
LYNNETHIA R. BENNETT, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case<br>27<br><br>Date of Filing:<br>05/24/2022 | Judge Code: |

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF DALLAS COUNTY, ALABAMA**
**WILLIE EARL PATTERSON v. TM EXPRESS, INC. ET AL**

**First Plaintiff:** ☐ Business  ☑ Individual   **First Defendant:** ☑ Business  ☐ Individual
☐ Government  ☐ Other    ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☑ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/<br>Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING      A ☐ APPEAL FROM      O ☐ OTHER
DISTRICT COURT

R ☐ REMANDED        T ☐ TRANSFERRED FROM
OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES  ☐ NO   **Note:** Checking "Yes" does not constitute a demand for a
jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

GRI083                5/24/2022 2:45:25 PM            /s/ BRADFORD JOSEPH GRIFFIN
_____         _____              _____
                            Date                     Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**      ☐ YES  ☐ NO  ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**      ☐ YES ☑ NO

ELECTRONICALLY FILED
5/25/2022 2:45 PM
27-CV-2022-900079.00
CIRCUIT COURT OF
DALLAS COUNTY, ALABAMA
LYNNETHIA R. BENNETT, CLERK

## IN THE CIRCUIT COURT OF DALLAS COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| **WILLIE EARL PATTERSON, an** | ) | |
| **individual,** | ) | ***JURY TRIAL IS REQUESTED*** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: CV-2022-_____** |
| | ) | |
| **TM EXPRESS, INC.,** | ) | |
| **a foreign incorporation,** | ) | |
| **JERMAINE CRENSHAW, an** | ) | |

**individual; and No. 1,** whether singular or plural, that entity or those entities who or which include that person, firm, corporation or other legal entity, if not already correctly stated herein, who or which owned, leased or was otherwise in possession or control of the vehicles being driven by Defendant JERMAINE CRENSHAW on the date of the incident forming the basis of the Plaintiff's Complaint; **No. 2,** whether singular or plural, that entity or those entities who or which include that person, firm, corporation or other legal entity, if not already correctly stated herein, who or which employed or who or which was the employer of Defendant JERMAINE CRENSHAW on the date of the incident forming the basis of the Plaintiff's Complaint; **No. 3,** whether singular or plural, that entity or those entities, including, but not limited to, the driver of the commercial motor vehicle whose negligence caused the Plaintiff's injuries on the date of the incident forming the basis of the Plaintiff's Complaint; **No. 4,** whether singular or plural, that entity or those entities, including, but not limited to, the driver of the commercial motor vehicle whose wantonness, recklessness or willfulness caused the Plaintiff's injuries on the occasion forming the basis of the Plaintiff's Complaint; **No. 5,** whether singular or plural, that entity or those entities, including, but not limited to, that entity or those entities who or which was the master, principal or employer of the driver of the commercial motor vehicle involved in the incident forming the basis of the Plaintiff's Complaint; **No. 6,** whether singular or plural, that entity or those entities for whom the driver of the commercial motor vehicle involved in the incident forming the basis of the Plaintiff's Complaint were performing a duty or service at the time of the incident; **No. 7,** whether singular or plural, that entity or those entities, including, but not limited to, that entity or those entities on whose behalf the commercial motor vehicle involved in the collision forming the basis of this lawsuit were being operated at the time of the incident forming the basis of the Plaintiff's Complaint; **No. 8,** whether singular or plural, that entity or those entities that selected, hired, trained, supervised or retained the driver of the commercial motor vehicle involved in the incident forming the basis of the Plaintiff's Complaint; **No. 9,** whether singular or plural, that entity or those entities who or which are responsible for the negligent or wanton hiring, training or supervision of the driver of the commercial motor vehicle involved in the incident forming the basis of the Plaintiff's Complaint; **No. 10,** whether singular or plural, that entity or those entities that issued any policy of insurance that provided coverage for the Plaintiff's injuries received as a result of the incident forming the basis of the Plaintiff's Complaint, including, but not limited to, uninsured/underinsured motorist coverage, secondary, "umbrella," and/or excess insurance coverage; **No. 11,** whether singular or plural, that entity or those entities who or which afforded any insurance coverage to either the driver or the owner of the commercial motor vehicle involved in the incident forming the basis of the Plaintiff' Complaint; **No. 12,** whether singular or plural,

that entity or those entities who or which are the successor-in-interest of any of the entities described herein; **No. 13,** whether singular or plural, that entity or those entities who or which are the predecessor-in-interest of any of those entities described herein; **No. 14,** whether singular or plural, that entity or those entities whose negligent, wanton, reckless or willful conduct caused or contributed to cause the collision forming the basis of the Plaintiff's Complaint; **No. 15,** whether singular or plural, that entity or those entities that maintained the commercial motor vehicles and whose negligence, wantonness, recklessness or willfulness caused or contributed to cause the Plaintiff's injuries; and **No. 16,** whether singular or plural, that entity or those entities that either sold, gave or otherwise provided intoxicating beverages to the drivers of the commercial motor vehicles involved in the collision forming the basis of the Plaintiff's Complaint. The Plaintiff avers that that identities of the fictitious parties Defendant are otherwise unknown to the Plaintiff at this time, or if their names are known, their identities as proper parties Defendant are not known to the Plaintiff at this time, but their true names will be substituted by amendment when ascertained,

                 )
                 )
**Defendants.**          )

## COMPLAINT

COMES NOW Plaintiff WILLIE EARL PATTERSON, and for the relief hereinafter sought, respectfully show unto this Honorable Court as follows:

### Parties

1. Plaintiff WILLIE EARL PATTERSON is an adult resident citizen of Dallas County, Alabama.

2. Defendant TM EXPRESS, INC.is, upon information and belief, a Texas incorporated company with its principal place of business in Garland, Texas.

3. At the time of the collision forming the basis of this civil action, Defendant TM EXPRESS, INC. was operating in and doing business in the State of Alabama.

4. On or about June 02, 2020, Defendant TM EXPRESS, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 owned and/or leased, maintained and controlled a commercial motor vehicle (VIN # 3AKJGLBG9GSGZ0702) involved in a collision with Plaintiff WILLIE EARL PATTERSON.

5.     Defendant JERMAINE CRENSHAW is, upon information and belief, an adult resident citizen of Collin County, Texas, who was at all times pertinent to this civil action an employee working for and under the control of Defendant TM EXPRESS, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 and was the operator of the commercial motor vehicle (VIN # 3AKJGLBG9GSGZ0702) owned and/or leased, maintained and controlled by Defendant TM EXPRESS, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 on June 02, 2020.

6.     All of the acts and omissions of Defendant JERMAINE CRENSHAW alleged in this civil action were acts and omissions that occurred while Defendant JERMAINE CRENSHAW was acting within the line and scope of his employment as an employee of Defendant TM EXPRESS, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16.

7.     This Complaint is brought against all employees and agents of Defendant TM EXPRESS, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 and against the officers, directors, managerial agents, supervisors and safety personnel for Defendant TM EXPRESS, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 who set policy or who play any role in the policymaking process, or any role in the hiring, training, retention and supervision of the employees of Defendant TM EXPRESS, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16.

8.      Defendant TM EXPRESS, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 as a legal entity, can only act through its officers, employees and agents.  As the employer of those who set policies and play any role in the hiring, training, retention and supervision of the employees, Defendant TM EXPRESS, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 are responsible for its tortious acts or omissions that are the direct and proximate cause of injuries to Plaintiff WILLIE EARL PATTERSON.

**Factual Allegations**

9.      The Plaintiff adopts and incorporate paragraphs one (1) through eight (8) as if fully set out herein.

10.     On or about June 02, 2020, Plaintiff WILLIE EARL PATTERSON was Northbound on AL-219 in Dallas County, Alabama.

11.     At the same time and place, Defendant JERMAINE CRENSHAW was operating a commercial motor vehicle that was leased and/or owned by Defendant TM EXPRESS, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 and failed to stop at the intersection light causing his vehicle to collide with the vehicle occupied by the Plaintiff.

12.     At the same time and place, Defendant JERMAINE CRENSHAW was employed by and was acting within the line and scope of his employment as a driver and hauler working for the commercial benefit of Defendant TM EXPRESS, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16.

13.     At the same time and place, Defendant JERMAINE CRENSHAW caused and/or allowed his commercial vehicle to collide with the vehicle occupied by Plaintiff WILLIE EARL PATTERSON.

14.     As a direct and proximate consequence of the collision described herein, the Plaintiff was caused to suffer personal injuries and damages as described with particularity in paragraph eighteen (18), below.

**Count One**
**Negligence/Gross Negligence/Willfulness**
**(JERMAINE CRENSHAW)**

15.     The Plaintiff adopts and incorporate paragraphs one (1) through fourteen (14) as if fully set out herein.

16.     At the time of the collision forming the basis of this civil action, Defendant JERMAINE CRENSHAW and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 had a duty to refrain from operating a motor vehicle on a public roadway in a negligent, wanton, reckless or willful manner.

17.     Defendant JERMAINE  CRENSHAW, while acting at all times in the line and scope of his employment with Defendant TM EXPRESS, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16, breached his duty by negligently, wantonly, recklessly or willfully causing or allowing his commercial motor vehicle to collide with a vehicle owned and/or operated by Plaintiff WILLIE EARL PATTERSON, including, but not limited to, the following conduct:

      a.     Failing to ensure that he had adequate line-of-sight of other vehicles and obstructions in his path;

      b.     Failing to maintain a proper lookout for warnings, other vehicles and obstructions;

    c.      Failing to yield the right-of-way to the Plaintiff; and

    d.      Operating his commercial motor vehicle without adequate training, experience and qualification.

18.     As a direct and proximate consequence of the conduct of Defendant JERMAINE CRENSHAW and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16, Plaintiff WILLIE EARL PATTERSON was caused to suffer injuries and damages, including, but not limited to:

    a.      The Plaintiff was caused to suffer injuries to their persons that were and are attended by physical pain and suffering;

    b.      The Plaintiff was caused and will be caused in the future to incur medical expenses in an effort to treat and cure their injuries;

    c.      The Plaintiff suffered permanent injuries and disfigurement;

    d.      The Plaintiff suffered mental anguish and emotional distress; and

    e.      The Plaintiff suffered past, present and future lost earnings and lost earning capacity.

WHEREFORE, PREMISES CONSIDERED, Plaintiff WILLIE EARL PATTERSON requests that the jury selected to hear this case render a verdict for the Plaintiff and against Defendants JERMAINE CRENSHAW and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 for compensatory damages in an amount that will adequately compensate the Plaintiff for the injuries and damages sustained due to the Defendants' conduct, and for punitive damages in an amount that will adequately reflect the enormity and wrongfulness of the Defendants' conduct and deter similar future conduct.  Furthermore, the Plaintiff requests that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of the judgment and the costs incurred in prosecuting this lawsuit.

**Count Two**
***Respondeat Superior***
**(TM EXPRESS, INC.)**

19.     The Plaintiff adopts and incorporate paragraphs one (1) through eighteen (18) as if fully set out herein.

20.     At the time and place of the collision forming the basis of this civil action, Defendant TM EXPRESS, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 were the principal, master and/or employer of Defendant JERMAINE CRENSHAW.

21.     At the time and place of the collision forming the basis of this civil action, Defendant JERMAINE CRENSHAW was the agent, servant and/or employee of Defendant TM EXPRESS, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16.

22.     At the time and place of the collision forming the basis of this civil action, Defendant JERMAINE  CRENSHAW was acting within the line and scope of his employment with Defendant TM EXPRESS, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 and was operating a commercial motor vehicle in furtherance of the business purposes of Defendant TM EXPRESS, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16.

23.     As a result of the foregoing, Defendant TM EXPRESS, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16, as principals, are vicariously liable to Plaintiff WILLIE EARL PATTERSON for the negligent, wanton, reckless or willful conduct of Defendant JERMAINE

CRENSHAW, as agent, which proximately caused injuries and damages to Plaintiff WILLIE EARL PATTERSON, as set forth in paragraph eighteen (18), above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff WILLIE EARL PATTERSON requests that the jury selected to hear this case render a verdict for the Plaintiff and against Defendant TM EXPRESS, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 for compensatory damages in an amount that will adequately compensate the Plaintiff for the injuries and damages sustained due to the Defendants' conduct, and for punitive damages in an amount that will adequately reflect the enormity and wrongfulness of the Defendants' conduct and deter similar future conduct. Furthermore, the Plaintiff request that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of the judgment and the costs incurred in prosecuting this lawsuit.

### Count three
### Negligent Hiring, Training, Retention & Supervision
### (TM EXPRESS, INC.)

24.     The Plaintiff adopts and incorporate paragraphs one (1) through twenty-three (23), as if fully set out herein.

25.     At all times relevant to the events forming the basis of this civil action, Defendant TM EXPRESS, INC.  and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 owed a duty to Plaintiff WILLIE EARL PATTERSON, and to the other members of the motoring public, to exercise reasonable care in:

a.     Hiring and retaining their drivers;

b.     Providing training and instruction to their drivers;

c.   Properly supervising their drivers;

d.   Complying with federal, state or local regulations concerning the inspection, maintenance and operation of their commercial motor vehicles;

e.   Ensuring that their drivers comply with applicable company policies, as well as all federal, state or local regulations concerning the inspection, maintenance and operation of their commercial motor vehicles;

e.   Establishing safe procedures for the operation of their commercial motor vehicles; and

f.   Inspecting, maintaining and repairing their commercial motor vehicles.

26.   At all times relevant to the events forming the basis of this civil action, Defendant TM EXPRESS, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 breached the duties set forth above by failing to use reasonable care in the:

a.   Hiring of their drivers, employees or agents, including Defendant JERMAINE CRENSHAW;

b.   Training of their drivers, employees or agents, including Defendant JERMAINE CRENSHAW;

c.   Retention of their drivers, employees or agents, including Defendant JERMAINE CRENSHAW;

d.   Supervision of its business operations, by failing to properly monitor the driving habits and records of their drivers, employees or agents in a manner consistent with accepted industry practices, including Defendant JERMAINE CRENSHAW;

e.   Instruction of their drivers, employees or agents, including Defendant JERMAINE CRENSHAW;

f.   Supervision of their drivers, employees or agents, including Defendant JERMAINE CRENSHAW;

g.  Entrustment of a commercial vehicle to their drivers, employees or agents, including Defendant JERMAINE CRENSHAW;

h.  Inspection & proper maintenance of their commercial motor vehicles;

i.  Proper execution of their business practices and procedures;

j.  Compliance with state and federal regulations;

k.  Enforcement of their drivers', employees' or agents' compliance with state and federal regulations, including Defendant JERMAINE CRENSHAW;

l.  Utilization of available information to properly monitor their drivers, employees or agents, including Defendant JERMAINE CRENSHAW, for compliance with company policies, state regulation and federal regulations; and

m.  Other ways that are as yet unknown, but may be revealed after further investigation and discovery.

27.  As the entity that employed and controlled Defendant JERMAINE CRENSHAW, Defendant TM EXPRESS, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 failed to take the required actions to assure that he was properly hired, trained, retained and supervised.

28.  As a proximate consequence of Defendant TM EXPRESS, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16's breaches of the duties described above and specifically related to its negligent hiring, training, retention and supervision of Defendant JERMAINE CRENSHAW, Plaintiff WILLIE EARL PATTERSON suffered the injuries and damages set forth in paragraph eighteen (18), above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff WILLIE EARL PATTERSON requests that the jury selected to hear this case render a verdict for the Plaintiff and against

Defendant TM EXPRESS, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 for compensatory damages in an amount that will adequately compensate the Plaintiff for the injuries and damages sustained due to the Defendants' conduct, and for punitive damages in an amount that will adequately reflect the enormity and wrongfulness of the Defendants' conduct and deter similar future conduct.   Furthermore, the Plaintiff request that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of the judgment and the costs incurred in prosecuting this lawsuit.

**Dated:** This, the 24th day of May, 2022.

/s/ Bradford J. Griffin
Bradford J. Griffin (GRI083)
Attorney for the Plaintiff

**OF COUNSEL:**
SHUNNARAH INJURY LAWYERS, PC
3626 Clairmont Avenue South
Birmingham, Alabama 35222-3508
P (205) 323-1000
F (205) 323-1877

**PLAINTIFF HEREBY DEMANDS A TRIAL BY STRUCK JURY.**

/s/Bradford Griffin
OF COUNSEL

**CLERK:  Please Serve Defendants by Certified Mail:**

**TM EXPRESS, INC.**
**3942 QUEENS COURT**
**GARLAND, TEXAS 75043**

**JERMAINE CRENSHAW**
**132 BRIAR GROVE DR**
**PRINCETON, TEXAS 75407**



ELECTRONICALLY FILED
5/24/2022 2:45 PM
27-CV-2022-900079.00
CIRCUIT COURT OF
DALLAS COUNTY, ALABAMA
LYNNETHIA R. BENNETT, CLERK

## IN THE CIRCUIT COURT OF DALLAS COUNTY, ALABAMA

| | |
|---|---|
| **WILLIE EARL PATTERSON, an** )  | |
| **individual,** )  | ***JURY TRIAL IS REQUESTED*** |
| )  | |
| **Plaintiff,** )  | |
| )  | |
| **v.** )  | **Case No.: CV-2022-_____** |
| )  | |
| **TM EXPRESS, INC.,** )  | |
| **a foreign incorporation,** )  | |
| **JERMAINE CRENSHAW, an** )  | |
| **individual;** )  | |
| )  | |
| **Defendants.** )  | |

## <u>PLAINTIFF'S FIRST COMBINED DISCOVERY REQUESTS TO DEFENDANT TM EXPRESS, INC</u>

Plaintiffs hereby serve these First Combined Discovery Requests upon the Defendant, TM EXPRESS, INC., to be answered under oath in accordance with *Alabama Rules of Civil Procedure* 26, 33 and 34. These combined discovery requests shall be deemed continuing so as to require supplemental answers if the person to whom the request is addressed obtains further information between the time the answers are served and the time of trial. Each request is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of the Defendant's attorneys, investigators, agents, employees, and other representatives. When a question is directed to the Defendant, the question is also directed to the aforementioned persons.

## <u>DEFINITIONS</u>

<u>NOTE A</u>: Any reference to "you," "your," "this Defendants," "these Defendants" or any other similar reference shall be construed to acknowledge and/or otherwise identify Defendant TM EXPRESS, INC., as identified in the Plaintiffs' Complaint.

<u>NOTE B</u>: These interrogatories and requests for production of documents shall be deemed continuing so as to require supplemental answers upon receipt of additional information by this Defendants or this Defendants' attorney subsequent to the original response. Any such supplemental answers are to be filed and served upon counsel for the Plaintiffs within thirty (30) days from receipt of such additional information but not later than the first of the trial of this case.

NOTE C:        If you contend that any document or file requested is irrelevant or privileged in any way, please provide a list or index identifying all such documents (or each such documents compromising said file) by title, along with a short description of its subject matter.

NOTE D:        The terms "Plaintiff," "Plaintiffs" and/or "Plaintiff's" refers to WILLIE EARL PATTERSON in their individual capacities on or about the date of the injury giving rise to the present lawsuit.

## **INTERROGATORIES**

1.        State the full name, residence address, telephone number and relation (if any) to the Defendants in this case of all people who assisted in any way to answer these Interrogatories.

2.        Has the Defendant been identified properly?  If not, please identify the proper name and state whether the Defendant is a common carrier, contract carrier or private carrier.

3.        Is the Defendant owned by or a subsidiary of another company, entity or person? If so, identify the company, entity or person by proper name and address.

4.        State the full name and current residence address of each person who witnessed or claims to have witnessed the collision forming the basis of this lawsuit.

5.        Identify the Defendant's Safety Director at the time of the collision forming the basis of this lawsuit, and identify the Defendant's Safety Director now.

6.        Identify with particularity the make, type, year and registration of the commercial motor vehicle operated by the Defendant's driver on the date forming the basis of this lawsuit.

7.        Describe the driver's trip on the date of the collision forming the basis of this lawsuit, including the point of origin, the destination, any stops and the purpose of the trip.

8.        State whether the commercial motor vehicle involved in this crash was transporting a load of cargo at the time of the incident, and if so, identify the load, the scheduled delivery time & date, and identify the names and addresses of all shippers and consignees.

9.      Identify all owners, lessors and lessees of the commercial motor vehicle involved in the collision forming the basis of this lawsuit, providing the name, address and interest in the commercial motor vehicle.

10.     Identify all policies of liability insurance effective on the date of the collision forming the basis of this lawsuit, including MCS-90 endorsements, policies that provide excess or umbrella coverage, which may provide coverage for this claim.  For each such policy, identify the name of the company providing coverage, the policy number(s), the effective period(s) and the maximum liability limit(s) for each person and each occurrence, including property damage and medical payments coverage.

11.     Describe all traffic citations the Defendant driver received for a period of five (5) years before the collision forming the basis of this lawsuit, including the violation for which he was cited, the disposition of the citation, the state and court and whether the violation was in a commercial or personal vehicle.

12.     State whether the Defendant or anyone acting on the Defendant's behalf has had any conversations with any witness or potential witness at any time with regard to the collision forming the basis of this lawsuit.  If so, state:

        a.      The date or dates of such conversations;
        b.      The people present for such conversations;
        c.      Whether a statement was written or recorded; and
        d.      Who has possession of the statement if written or recorded.

13.     State whether the individual responding to these Interrogatories has ever been convicted of a misdemeanor involving dishonesty or false statement or a felony of any kind.  If so, state the nature of the crime, the date of conviction and the court in which the conviction occurred.

14.     Identify all policies, procedures, manuals and/or guidelines that the Defendant's driver was required to comply with on the date of the collision forming the basis of this lawsuit.

15.     Identify all previous employers for which/whom the Defendant has operated a commercial motor vehicle, including the name, address and telephone number of each employer.

16.     Describe all training provided by the Defendant to the driver involved in the collision forming the basis of this lawsuit.

17.     State whether any discipline or adverse action was imposed on the Defendant's driver as a result of the collision forming the basis of this lawsuit.  If so, describe the action with particularity.

18.     Identify all inspections performed on the commercial motor vehicle involved in the collision forming the basis of this lawsuit for one (1) year prior to the collision.  For each such inspection, identify whether the inspection revealed any defects, and describe any such defects with particularity.

19.     State whether the driver of the commercial motor vehicle involved in the collision forming the basis of this lawsuit had, on the date of the collision and during the five (5) years prior to the collision, a medical or physical condition that required a physician's report or letter of approval to drive a commercial motor vehicle.  If so, state the nature of the condition, the date of diagnosis and identify the treating physician by name and address.

20.     State whether the driver consumed any alcohol within thirty-six (36) hours of the collision forming the basis of this lawsuit.  If so, identify the type and quantity of alcohol consumed, where the alcohol was consumed and who was present with the driver when the alcohol was consumed.

21.     State whether the driver consumed any medication or illegal drugs in the thirty-six (36) hours prior to the collision.  If so, identify the type and quantity of the substance consumed, and, for all prescription medications, the name and address of the prescribing physician.

22.    State the name and address of each witness who will testify at trial in this case.

23.    State whether there were any other occupants of the Defendant driver's vehicle at the time of the collision forming the basis of this lawsuit.  If so, identify each such occupant by name and address.

24.    State all federal motor carrier numbers and/or DOT numbers issued to the Defendant.

25.    Identify each expert witness you intend to call at the trial of this lawsuit, and provide a full summary of the information required by *Alabama Rule of Civil Procedure* 26 for each such expert witness.

26.    Identify each step in the hiring process taken by the Defendant at the time the driver was hired.

27.    State whether the commercial motor vehicle was equipped, at the time of the collision forming the basis of this lawsuit, with a GPS, satellite communication and/or e-mail communication device.  If so, identify the make and model of the system.

28.    State whether the commercial motor vehicle involved in the crash has an on-board computer or a device used for generating service logs or for the purpose of log auditing.  If so, identify the computer and software used.

29.    State whether the commercial motor vehicle was equipped with any kind of on-board recording device, whether such device is designed to record data, audio or video.  If so, state the type of device and what information is capable of being recorded by the device.

## REQUESTS FOR PRODUCTION

1.      Produce all existing maintenance, inspection and repair records/work orders pertaining to the commercial motor vehicle involved in the collision forming the basis of this lawsuit.

2.      Produce all existing daily driver inspection reports for the commercial motor vehicle involved in the collision forming the basis of this lawsuit.

3.      Produce the driver's complete personnel file.

4.      Produce the driver's complete human resources file.

5.      Produce the driver's complete driver qualification file.

6.      Produce the driver's complete medical qualification file.

7.      Produce a legible color copy of the driver's commercial driver's license, front and back.

8.      Produce legible color copies of photographs, video, computer-generated media and/or other recordings of the interior or exterior of the vehicles involved in the collision forming the basis of this lawsuit.

9.      Produce legible color copies of photographs, video, computer-generated media and/or other recordings of the scene of the collision forming the basis of this lawsuit.

10.      Produce legible color copies of photographs, video, computer-generated media and/or other recordings of the Plaintiff generated pursuant to surveillance of the Plaintiff.

11.      Produce the driver's post-collision alcohol and drug testing results.

12.      Produce any lease contracts covering the driver, any other Defendant or the commercial motor vehicle involved in the collision forming the basis of this lawsuit.

13.     Produce any post-collision maintenance, inspection, repair records or invoices pertaining to the commercial motor vehicle involved in the collision forming the basis of this lawsuit.

14.     Produce all service logs, official or unofficial, pertaining to the Defendant driver for the thirty (30) days prior to and the thirty (30) days after this incident, including the date of the incident.

15.     Produce all records pertaining to the driver or the commercial motor vehicle involved in the collision for the day of this collision and the seven (7) day period preceding the collision, consisting of all "supporting documents" you are required to maintain under 49 C.F.R. §395.8(k) and subsequent guidance and interpretation concerning said documents.

16.     Produce all DOT inspection reports filed concerning the Defendant driver for the year of the incident, three (3) years prior to the incident and three (3) years after the incident.

17.     Produce all DOT and state inspection reports pertaining to the commercial motor vehicle involved in this incident for the year of the incident and the year prior to the incident.

18.     Produce any emails, electronic messages, letters, memos, correspondence or other communications generated by or received by any Defendant and pertaining in any way to this collision.

19.     Produce any drivers' manuals, guidelines, rules or regulations given to drivers by any Defendant.

20.     Produce any reports, memos, notes, logs or other documents evidencing complaints about the driver involved in the collision forming the basis of this lawsuit.

21.   Produce any downloadable data retrieved from any satellite tracking system, satellite communications system or other such similar module for the seven (7) days prior to the incident and including the day of the incident.

22.   Produce all OmniTRAC, Qualcomm, MVPC, QTRACS, OmniExpress, TruckMail, TrailerTRACS, SensorTRACS, JTRACS and other similar systems' data for the six (6) months prior to the collision pertaining to this commercial motor vehicle.

23.   Produce all data recorded by any kind of video recording system, such as DriveCam, Safety Vision or other such systems, pertaining to this commercial motor vehicle for the seven (7) days prior to the incident and including the day of the incident.

24.   Produce all data recorded by any kind of accelerometer recording system, including the "Witness" system, for the seven (7) days prior to the incident and including the day of the incident.

25.   Produce all data recorded by the Electronic Control Module (ECM) for the seven (7) days prior to the incident and including the day of the incident, including all possible retrievable data and the clock calibration files.

26.   Produce all data recorded by any Airbag Control Module (ACM), Powertrain Control Module (PCM), Roll Over Sensor (ROS) or Anti-Lock Brake System (ABS) module for the seven (7) days prior to the incident and including the day of the incident.

27.   Produce all data recorded by any Event Data Recorder (EDR) for the seven (7) days prior to the incident and including the day of the incident.

28.   Produce all diagrams, surveys, sketches or reproductions of the vehicles or the scene of the collision forming the basis of this lawsuit.

29.     Produce all manuals, statutes, standards, guidelines, rules, regulations or procedures that the Defendant will use or rely upon in the defense of the Plaintiffs' lawsuit.

30.     Produce all books, texts, publications, journals, pamphlets, treatises or other documents that the Defendant will use or rely upon in the defense of the Plaintiffs' lawsuit.

31.     Produce all documents, exhibits or other tangible or demonstrative evidence that the Defendant will introduce into evidence, use at a deposition or use at trial in this case.

32.     Produce all documents pertaining to any arrests or convictions of the driver.

33.     Produce all documents pertaining to medications being taken by or prescribed to the driver of the commercial motor vehicle in this case.

34.     Produce all accident reports, police reports and/or investigation reports regarding the collision forming the basis of this lawsuit.

35.     Produce all training or instructional videotapes, CD's, DVD's, electronic modules, books or other documents or materials used by the Defendant to train any of its drivers at any time during the five (5) years prior to the collision forming the basis of this lawsuit.

36.     Produce a copy of all wrecker and/or tow truck records pertaining to the vehicle operated by the driver at the time of the collision forming the basis of this lawsuit.

37.     Produce a copy of the truck and trailer title, licenses and registration for the vehicle being operated at the time of the collision forming the basis of this lawsuit.

38.     Produce a copy of any placards displayed on the commercial motor vehicle being operated at the time of the collision forming the basis of this lawsuit.

39.     Produce a copy of any and all primary and excess insurance policies, including applications, renewal applications, binders, declarations, endorsements and riders, which may provide any coverage for the collision forming the basis of this lawsuit.

40.     Produce all documents pertaining to the purchase or lease of the commercial motor vehicle involved in the collision forming the basis of this lawsuit.

41.     Produce all documents pertaining to any disciplinary actions taken against the driver of the commercial motor vehicle involved in the collision forming the basis of this lawsuit at any time during the three (3) years prior to the collision.

42.     Produce all documents pertaining to the Defendant's policies and procedures relating to alcohol and drug testing of drivers.

43.     Produce all statements, whether written, summarized and/or recorded on audio or video, taken of the Plaintiff at any time subsequent to the collision forming the basis of this lawsuit.

44.     Produce all cell phone records pertaining to calls made or received by the driver on the date of the collision forming the basis of this lawsuit; alternatively, state the name of the driver's cell phone provider and the phone number and account number assigned by the cell phone provider.

45.     Produce copies of all resumes or similar documents setting forth the educational background and qualifications of each expert witness expected to testify at the trial of this case.

46.     Produce copies of all documents or other materials the Defendant has obtained or will obtain during the course of this litigation by Rule 45 subpoena(s).

**Dated:** This, the 24th day of May, 2022.

                                        */s/ Bradford J. Griffin*_____
                                        Bradford J. Griffin (GRI083)
                                        Attorney for the Plaintiff

**OF COUNSEL**:
SHUNNARAH INJURY LAWYERS, PC
3626 Clairmont Avenue South
Birmingham, Alabama 35222-3508
P (205) 323-1000
F (205) 323-1877
                    **TO BE SERVED WITH THE COMPLAINT**

ELECTRONICALLY FILED
5/24/2022 2:45 PM
27-CV-2022-900079.00
CIRCUIT COURT OF
DALLAS COUNTY, ALABAMA
LYNNETHIA R. BENNETT, CLERK

## IN THE CIRCUIT COURT OF DALLAS COUNTY, ALABAMA

| | |
|---|---|
| **WILLIE EARL PATTERSON, an individual,** ) | ***JURY TRIAL IS REQUESTED*** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No.: CV-2022-_____** |
| ) | |
| **TM EXPRESS, INC.,** ) | |
| **a foreign incorporation,** ) | |
| **JERMAINE  CRENSHAW, an** ) | |
| **individual;** ) | |
| ) | |
| **Defendants.** ) | |

### PLAINTIFF'S FIRST COMBINED DISCOVERY REQUESTS TO DEFENDANT JERMAINE  CRENSHAW

Plaintiffs hereby serve these First Combined Discovery Requests upon the Defendant, JERMAINE  CRENSHAW, to be answered under oath in accordance with *Alabama Rules of Civil Procedure* 26, 33 and 34.  These combined discovery requests shall be deemed continuing so as to require supplemental answers if the person to whom the request is addressed obtains further information between the time the answers are served and the time of trial. Each request is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of the Defendant's attorneys, investigators, agents, employees, and other representatives. When a question is directed to the Defendant, the question is also directed to the aforementioned persons.

### DEFINITIONS

NOTE A:  Any reference to "you," "your," "this Defendants," "these Defendants" or any other similar reference shall be construed to acknowledge and/or otherwise identify Defendant JERMAINE  CRENSHAW, as identified in the Plaintiffs' Complaint.

NOTE B:  These interrogatories and requests for production of documents shall be deemed continuing so as to require supplemental answers upon receipt of additional information by this Defendants or this Defendant's attorney subsequent to the original response.  Any such supplemental answers are to be filed and served upon counsel for the Plaintiffs within thirty (30) days from receipt of such additional information but not later than the first of the trial of this case.

NOTE C:       If you contend that any document or file requested is irrelevant or privileged in any way, please provide a list or index identifying all such documents (or each such documents compromising said file) by title, along with a short description of its subject matter.

NOTE D:       The terms "Plaintiff," "Plaintiffs" and/or "Plaintiff's" refers to WILLIE EARL PATTERSON in their individual capacities on or about the date of the injury giving rise to the present lawsuit.

## **INTERROGATORIES**

1.       State the full name, residence address, telephone number and relation (if any) to the Defendant in this case of all people who assisted in any way to answer these Interrogatories.

2.       State the full name and current residence address of each person who witnessed or claims to have witnessed the collision forming the basis of this lawsuit.

3.       Identify with particularity the make, type, year and registration of the commercial motor vehicle operated by you on the date forming the basis of this lawsuit.

4.       Describe your trip on the date of the collision forming the basis of this lawsuit, including the point of origin, the destination, any stops and the purpose of the trip.

5.       State whether the commercial motor vehicle involved in this crash was transporting a load of cargo at the time of the incident, and if so, identify the load, the scheduled delivery time & date, and identify the names and addresses of all shippers and consignees.

6.       Identify all owners, lessors and lessees of the commercial motor vehicle involved in the collision forming the basis of this lawsuit, providing the name, address and interest in the commercial motor vehicle.

7.       Identify all policies of liability insurance effective on the date of the collision forming the basis of this lawsuit, including MCS-90 endorsements, policies that provide excess or umbrella coverage, which may provide coverage for this claim.  For each such policy, identify the name of the company providing coverage, the policy number(s), the effective period(s) and the

maximum liability limit(s) for each person and each occurrence, including property damage and medical payments coverage.

8.      Describe all traffic citations the you have received for a period of five (5) years before the collision forming the basis of this lawsuit, including the violation for which you were cited, the disposition of the citation, the state and court and whether the violation was in a commercial or personal vehicle.

9.      State whether the Defendant or anyone acting on the Defendant's behalf has had any conversations with any witness or potential witness at any time with regard to the collision forming the basis of this lawsuit.  If so, state:

>    a.      The date or dates of such conversations;
>    b.      The people present for such conversations;
>    c.      Whether a statement was written or recorded; and
>    d.      Who has possession of the statement if written or recorded.

10.     State whether you have ever been convicted of a misdemeanor involving dishonesty or false statement or a felony of any kind.  If so, state the nature of the crime, the date of conviction and the court in which the conviction occurred.

11.     Identify all policies, procedures, manuals and/or guidelines that you were required to comply with on the date of the collision forming the basis of this lawsuit.

12.     Identify all previous employers for which/whom you have operated a commercial motor vehicle, including the name, address and telephone number of each employer.

13.     Describe all training provided by the Defendant company to you.

14.     State whether any discipline or adverse action was imposed on you as a result of the collision forming the basis of this lawsuit.  If so, describe the action with particularity.

15.     Identify all inspections performed on the commercial motor vehicle involved in the collision forming the basis of this lawsuit for one (1) year prior to the collision.  For each such

inspection, identify whether the inspection revealed any defects, and describe any such defects with particularity.

16.     State whether you had, on the date of the collision and during the five (5) years prior to the collision, a medical or physical condition that required a physician's report or letter of approval to drive a commercial motor vehicle.  If so, state the nature of the condition, the date of diagnosis and identify the treating physician by name and address.

17.     State whether you consumed any alcohol within thirty-six (36) hours of the collision forming the basis of this lawsuit.  If so, identify the type and quantity of alcohol consumed, where the alcohol was consumed and who was present with the driver when the alcohol was consumed.

18.     State whether you consumed any medication or illegal drugs in the thirty-six (36) hours prior to the collision.  If so, identify the type and quantity of the substance consumed, and, for all prescription medications, the name and address of the prescribing physician.

19.     State the name and address of each witness who will testify at trial in this case.

20.     State whether there were any other occupants of your vehicle at the time of the collision forming the basis of this lawsuit.  If so, identify each such occupant by name and address.

21.     State all federal motor carrier numbers and/or DOT numbers issued to the Defendant truck company.

22.     Identify each expert witness you intend to call at the trial of this lawsuit, and provide a full summary of the information required by *Alabama Rule of Civil Procedure* 26 for each such expert witness.

23.     Identify each step in the hiring process taken by the Defendant at the time you were hired.

24.     State whether the commercial motor vehicle was equipped, at the time of the collision forming the basis of this lawsuit, with a GPS, satellite communication and/or e-mail communication device.  If so, identify the make and model of the system.

25.     State whether the commercial motor vehicle involved in the crash has an on-board computer or a device used for generating service logs or for the purpose of log auditing.  If so, identify the computer and software used.

26.     State whether the commercial motor vehicle was equipped with any kind of on-board recording device, whether such device is designed to record data, audio or video.  If so, state the type of device and what information is capable of being recorded by the device.

## REQUESTS FOR PRODUCTION

1.     Produce all existing maintenance, inspection and repair records/work orders pertaining to the commercial motor vehicle involved in the collision forming the basis of this lawsuit.

2.     Produce all existing daily driver inspection reports for the commercial motor vehicle involved in the collision forming the basis of this lawsuit.

3.     Produce your complete personnel file from the Defendant truck company.

4.     Produce your complete human resources file from the Defendant truck company.

5.     Produce your complete driver qualification file from the Defendant truck company.

6.     Produce your complete medical qualification file from the Defendant truck company.

7.     Produce a legible color copy of your commercial driver's license, front and back.

8.     Produce legible color copies of photographs, video, computer-generated media and/or other recordings of the interior or exterior of the vehicles involved in the collision forming the basis of this lawsuit.

9.     Produce legible color copies of photographs, video, computer-generated media and/or other recordings of the scene of the collision forming the basis of this lawsuit.

10.     Produce legible color copies of photographs, video, computer-generated media and/or other recordings of the Plaintiff generated pursuant to surveillance of the Plaintiff.

11.     Produce your post-collision alcohol and drug testing results.

12.     Produce any lease contracts covering you, any other Defendant or the commercial motor vehicle involved in the collision forming the basis of this lawsuit.

13.     Produce any post-collision maintenance, inspection, repair records or invoices pertaining to the commercial motor vehicle involved in the collision forming the basis of this lawsuit.

14.     Produce all service logs, official or unofficial, pertaining to you for the thirty (30) days prior to and the thirty (30) days after this incident, including the date of the incident.

15.     Produce all records pertaining to you for the day of this collision and the seven (7) day period preceding the collision, consisting of all "supporting documents" you are required to maintain under 49 C.F.R. §395.8(k) and subsequent guidance and interpretation concerning said documents.

16.     Produce all DOT inspection reports filed concerning you for the year of the incident, three (3) years prior to the incident and three (3) years after the incident.

17.     Produce all DOT and state inspection reports pertaining to the commercial motor vehicle involved in this incident for the year of the incident and the year prior to the incident.

18.     Produce any emails, electronic messages, letters, memos, correspondence or other communications generated by or received by any Defendant and pertaining in any way to this collision.

19.     Produce any drivers' manuals, guidelines, rules or regulations given to drivers by any Defendant.

20.     Produce any reports, memos, notes, logs or other documents evidencing complaints brought against you at while working for the Defendant trucking company at any time prior to the collision forming the basis of this lawsuit.

21.     Produce any downloadable data retrieved from any satellite tracking system, satellite communications system or other such similar module for the seven (7) days prior to the incident and including the day of the incident.

22.     Produce all OmniTRAC, Qualcomm, MVPC, QTRACS, OmniExpress, TruckMail, TrailerTRACS, SensorTRACS, JTRACS and other similar systems' data for the six (6) months prior to the collision pertaining to this commercial motor vehicle.

23.     Produce all data recorded by any kind of video recording system, such as DriveCam, Safety Vision or other such systems, pertaining to this commercial motor vehicle for the seven (7) days prior to the incident and including the day of the incident.

24.     Produce all data recorded by any kind of accelerometer recording system, including the "Witness" system, for the seven (7) days prior to the incident and including the day of the incident.

25.     Produce all data recorded by the Electronic Control Module (ECM) for the seven (7) days prior to the incident and including the day of the incident, including all possible retrievable data and the clock calibration files.

26.     Produce all data recorded by any Airbag Control Module (ACM), Powertrain Control Module (PCM), Roll Over Sensor (ROS) or Anti-Lock Brake System (ABS) module for the seven (7) days prior to the incident and including the day of the incident.

27.     Produce all data recorded by any Event Data Recorder (EDR) for the seven (7) days prior to the incident and including the day of the incident.

28.     Produce all diagrams, surveys, sketches or reproductions of the vehicles or the scene of the collision forming the basis of this lawsuit.

29.     Produce all manuals, statutes, standards, guidelines, rules, regulations or procedures that the Defendant will use or rely upon in the defense of the Plaintiffs' lawsuit.

30.     Produce all books, texts, publications, journals, pamphlets, treatises or other documents that the Defendant will use or rely upon in the defense of the Plaintiffs' lawsuit.

31.     Produce all documents, exhibits or other tangible or demonstrative evidence that the Defendant will introduce into evidence, use at a deposition or use at trial in this case.

32.     Produce all documents pertaining to any arrests or convictions of the driver.

33.     Produce all documents pertaining to medications being taken by or prescribed to the driver of the commercial motor vehicle in this case.

34.     Produce all accident reports, police reports and/or investigation reports regarding the collision forming the basis of this lawsuit.

35.     Produce all training or instructional videotapes, CD's, DVD's, electronic modules, books or other documents or materials used by the Defendant to train any of its drivers at any time during the five (5) years prior to the collision forming the basis of this lawsuit.

36.     Produce a copy of all wrecker and/or tow truck records pertaining to the vehicle operated by the driver at the time of the collision forming the basis of this lawsuit.

37.     Produce a copy of the truck and trailer title, licenses and registration for the vehicle being operated at the time of the collision forming the basis of this lawsuit.

38.     Produce a copy of any placards displayed on the commercial motor vehicle being operated at the time of the collision forming the basis of this lawsuit.

39.     Produce a copy of any and all primary and excess insurance policies, including applications, renewal applications, binders, declarations, endorsements and riders, which may provide any coverage for the collision forming the basis of this lawsuit.

40.     Produce all documents pertaining to the purchase or lease of the commercial motor vehicle involved in the collision forming the basis of this lawsuit.

41.     Produce all documents pertaining to any disciplinary actions taken against the driver of the commercial motor vehicle involved in the collision forming the basis of this lawsuit at any time during the three (3) years prior to the collision.

42.     Produce all documents pertaining to the Defendant's policies and procedures relating to alcohol and drug testing of drivers.

43.     Produce all statements, whether written, summarized and/or recorded on audio or video, taken of the Plaintiff at any time subsequent to the collision forming the basis of this lawsuit.

44.     Produce all cell phone records pertaining to calls made or received by you on the date of the collision forming the basis of this lawsuit; alternatively, state the name of your cell phone provider and the phone number and account number assigned by the cell phone provider.

45.     Produce copies of all resumes or similar documents setting forth the educational background and qualifications of each expert witness expected to testify at the trial of this case.

46.     Produce copies of all documents or other materials the Defendant has obtained or will obtain during the course of this litigation by Rule 45 subpoena(s).

Respectfully Submitted,

*/s/ Bradford J. Griffin*
Bradford J. Griffin (GRI083)
Attorney for the Plaintiff

**OF COUNSEL:**
SHUNNARAH INJURY LAWYERS, PC
3626 Clairmont Avenue South
Birmingham, Alabama 35222-3508
P (205) 323-1000
F (205) 323-1877

**TO BE SERVED WITH THE COMPLAINT**



AlaFile E-Notice

27-CV-2022-900079.00

To: BRADFORD JOSEPH GRIFFIN
bgriffin@asilpc.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF DALLAS COUNTY, ALABAMA

WILLIE EARL PATTERSON V. TM EXPRESS, INC. ET AL
27-CV-2022-900079.00

The following complaint was FILED on 5/24/2022 2:45:00 PM

Notice Date:    5/24/2022 2:45:00 PM

LYNNETHIA R. BENNETT
CIRCUIT COURT CLERK
DALLAS COUNTY, ALABAMA
DALLAS COUNTY COURTHOUSE
P.O. BOX 1148
SELMA, AL, 36702

334-874-2523
lynnethia.bennett@alacourt.gov



AlaFile E-Notice

27-CV-2022-900079.00

To:   TM EXPRESS, INC.
      3942 QUEENS COURT
      GARLAND, TX, 75043

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF DALLAS COUNTY, ALABAMA

WILLIE EARL PATTERSON V. TM EXPRESS, INC. ET AL
27-CV-2022-900079.00

The following complaint was FILED on 5/24/2022 2:45:00 PM

Notice Date:     5/24/2022 2:45:00 PM

LYNNETHIA R. BENNETT
CIRCUIT COURT CLERK
DALLAS COUNTY, ALABAMA
DALLAS COUNTY COURTHOUSE
P.O. BOX 1148
SELMA, AL, 36702

334-874-2523
lynnethia.bennett@alacourt.gov



AlaFile E-Notice

27-CV-2022-900079.00

To:  JERMAINE CRENSHAW
132 BRIAR GROVE DR
PRINCETON, TX, 75407

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF DALLAS COUNTY, ALABAMA

WILLIE EARL PATTERSON V. TM EXPRESS, INC. ET AL
27-CV-2022-900079.00

The following complaint was FILED on 5/24/2022 2:45:00 PM

Notice Date:     5/24/2022 2:45:00 PM

LYNNETHIA R. BENNETT
CIRCUIT COURT CLERK
DALLAS COUNTY, ALABAMA
DALLAS COUNTY COURTHOUSE
P.O. BOX 1148
SELMA, AL, 36702

334-874-2523
lynnethia.bennett@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>27-CV-2022-900079.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF DALLAS COUNTY, ALABAMA
### WILLIE EARL PATTERSON V. TM EXPRESS, INC. ET AL

**NOTICE TO:** TM EXPRESS, INC., 3942 QUEENS COURT, GARLAND, TX 75043

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), BRADFORD JOSEPH GRIFFIN ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 3626 Clairmont Ave S, Birmingham, AL 35222 .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of WILLIE EARL PATTERSON pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 05/24/2022 | /s/ LYNNETHIA R. BENNETT | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.        /s/ BRADFORD JOSEPH GRIFFIN

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____ .

*(Date)*

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
|---|---|---|
| | *(Server's Printed Name)* | *(Phone Number of Server)* |

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>27-CV-2022-900079.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF DALLAS COUNTY, ALABAMA**
**WILLIE EARL PATTERSON V. TM EXPRESS, INC. ET AL**

**NOTICE TO:** JERMAINE CRENSHAW, 132 BRIAR GROVE DR, PRINCETON, TX 75407

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), BRADFORD JOSEPH GRIFFIN

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 3626 Clairmont Ave S, Birmingham, AL 35222

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of WILLIE EARL PATTERSON
pursuant to the Alabama Rules of the Civil Procedure.

| 05/24/2022 | /s/ LYNNETHIA R. BENNETT | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ BRADFORD JOSEPH GRIFFIN

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*      *(Name of County)*

Alabama on _____.

*(Date)*

_____    _____    _____

*(Type of Process Server)*      *(Server's Signature)*      *(Address of Server)*

_____    _____

*(Server's Printed Name)*      *(Phone Number of Server)*

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com* .

CU 2022 . Rd0c79 AoL Dd02S E

**Certified Mail Fee**

$

**Extra Services & Fees** *(check box, add fee as appropriate)*

☐ Return Receipt (hardcopy)                    $ _____

☐ Return Receipt (electronic)                  $ _____

☐ Certified Mail Restricted Delivery           $ _____

☐ Adult Signature Required                     $ _____

☐ Adult Signature Restricted Delivery          $ _____

Postmark
Here

**Postage**

$

**Total Postage and Fees** $ 15.16

$

**Sent To**    JerMaine Crenshaw

**Street and Apt. No., or PO Box No.**    132 Briar Grove Dr.

**City, State, ZIP+4®**    Princeton, TX 75407

7021 2720 0001 5604 5552

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

# Certified Mail service provides the following benefits:

- A receipt (this portion of the Certified Mail label).

- A unique identifier for your mailpiece.

- Electronic verification of delivery or attempted delivery.

- A record of delivery (including the recipient's signature) that is retained by the Postal Service™ for a specified period.

## Important Reminders:

- You may purchase Certified Mail service with First-Class Mail®, First-Class Package Service®, or Priority Mail® service.

- Certified Mail service is *not* available for International mail.

- Insurance coverage is *not* available for purchase with Certified Mail service. However, the purchase of Certified Mail service does not change the insurance coverage automatically included with certain Priority Mail items.

- For an additional fee, and with a proper endorsement on the mailpiece, you may request the following services:

  - Return receipt service, which provides a record of delivery (including the recipient's signature). You can request a hardcopy return receipt or an electronic version. For a hardcopy return receipt, complete PS Form 3811, *Domestic Return Receipt*; attach PS Form 3811 to your mailpiece;

for an electronic return receipt, see a retail associate for assistance. To receive a duplicate return receipt for no additional fee, present this USPS®-postmarked Certified Mail receipt to the retail associate.

  - Restricted delivery service, which provides delivery to the addressee specified by name, or to the addressee's authorized agent.

  - Adult signature service, which requires the signee to be at least 21 years of age (not available at retail).

  - Adult signature restricted delivery service, which requires the signee to be at least 21 years of age and provides delivery to the addressee specified by name, or to the addressee's authorized agent (not available at retail).

- To ensure that your Certified Mail receipt is accepted as legal proof of mailing, it should bear a USPS postmark. If you would like a postmark on this Certified Mail receipt, please present your Certified Mail item at a Post Office™ for postmarking. If you don't need a postmark on this Certified Mail receipt, detach the barcoded portion of this label, affix it to the mailpiece, apply appropriate postage, and deposit the mailpiece.

**IMPORTANT: Save this receipt for your records.**

PS Form **3800**, April 2015 *(Reverse)* PSN 7530-02-000-9047

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com* .

CU 2DDF 9Du79 00 DaDl9 E

| Certified Mail Fee | |
|---|---|
| $ | |
| **Extra Services & Fees** *(check box, add fee as appropriate)* | |
| ☐ Return Receipt (hardcopy) $ _____ | |
| ☐ Return Receipt (electronic) $ _____ | **Postmark** |
| ☐ Certified Mail Restricted Delivery $ _____ | **Here** |
| ☐ Adult Signature Required $ _____ | |
| ☐ Adult Signature Restricted Delivery $ _____ | |
| Postage | |
| $ | |
| **Total Postage and Fees** $ 15.16 | |
| $ | |

Sent To

TU Express, Inc.

Street and Apt. No., or PO Box No.

3043 Queens Court

City, State, ZIP+4®

Garland, TX 75043

7021 2720 0001 5095 5538

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

# Certified Mail service provides the following benefits:

- A receipt (this portion of the Certified Mail label).

- A unique identifier for your mailpiece.

- Electronic verification of delivery or attempted delivery.

- A record of delivery (including the recipient's signature) that is retained by the Postal Service™ for a specified period.

## Important Reminders:

- You may purchase Certified Mail service with First-Class Mail®, First-Class Package Service®, or Priority Mail® service.

- Certified Mail service is *not* available for international mail.

- Insurance coverage is *not* available for purchase with Certified Mail service. However, the purchase of Certified Mail service does not change the insurance coverage automatically included with certain Priority Mail items.

- For an additional fee, and with a proper endorsement on the mailpiece, you may request the following services:
  - Return receipt service, which provides a record of delivery (including the recipient's signature). You can request a hardcopy return receipt or an electronic version. For a hardcopy return receipt, complete PS Form 3811, *Domestic Return Receipt*; attach PS Form 3811 to your mailpiece;

for an electronic return receipt, see a retail associate for assistance. To receive a duplicate return receipt for no additional fee, present this USPS®-postmarked Certified Mail receipt to the retail associate.

  - Restricted delivery service, which provides delivery to the addressee specified by name, or to the addressee's authorized agent.

  - Adult signature service, which requires the signee to be at least 21 years of age (not available at retail).

  - Adult signature restricted delivery service, which requires the signee to be at least 21 years of age and provides delivery to the addressee specified by name, or to the addressee's authorized agent (not available at retail).

- To ensure that your Certified Mail receipt is accepted as legal proof of mailing, it should bear a USPS postmark. If you would like a postmark on this Certified Mail receipt, please present your Certified Mail item at a Post Office™ for postmarking. If you don't need a postmark on this Certified Mail receipt, detach the barcoded portion of this label, affix it to the mailpiece, apply appropriate postage, and deposit the mailpiece.

**IMPORTANT: Save this receipt for your records.**

PS Form **3800**, April 2015 *(Reverse)* PSN 7530-02-000-9047